[PHILADELPHIA, APRIL 3d, 1837.]

## Case of the STATE ROAD in Lehigh County, &c.

CERTIORARI.

The Court of Quarter Sessions of Bucks County, had not power to set aside the report of the commissioners appointed to lay out a State road in Lehigh and Bucks counties, under the act of the 10th of April, 1835.

THIS was a certiorari to the Court of Quarter Sessions of Bucks county, to remove the proceedings and decree of the Court, upon

(Case of State Road in Lehigh County.)

exceptions filed to the report of the commissioners appointed to lay out a State road in Lehigh and Bucks counties.

The case presented to the court for adjudication was as follows.

Commissioners were appointed by an act of assembly, passed on the 10th day of April, 1835, to lay out a state road from the Bethlehem and Sumneytown road in Lehigh county, to the Bethlehem and Philadelphia road in Bucks county. By the third section of this act, they were directed "to make out a fair and accurate draft of the location of this road, noting thereon the courses and distances as they occur, the improvements passed through, and also the crossing of county and township lines, roads and waters, with such other matters as may serve for explanation; one copy whereof shall be deposited in the office of the secretary of the commonwealth, on or before the first day of January next, and one copy in the office of the clerk of Quarter Sessions of the respective counties through which the said road may pass, on the day aforesaid, or so much sooner as practicable; which shall be a record thereof; and from thenceforth the said road shall be to all intents and purposes a public highway, and shall be opened and repaired in all respects as roads are opened and repaired, which are laid out by orders of the courts aforesaid." The second section contains the usual provisions as to the manner in which state roads are to be laid out, one of which is "that the vertical departure from a horizontal line, shall in no point exceed five degrees." The commissioners performed the duties enjoined upon them by the act, and filed a report agreeably to the provisions of the third section, in the office of the secretary of the commonwealth, and in the office of the clerks of the Quarter Sessions of Lehigh county, and Bucks county, on the twenty-third day of July, 1835. The report which was filed in the office of the clerk of the sessions of Bucks county, was confirmed *nisi*, on the 15th of September, 1835; and on the same day the following exceptions to the report were filed.

"Exceptions to the report of that part of the state road above mentioned, which passes through Springfield township, Bucks county.

1. The commissioners were not legally sworn.

2. The vertical departure from a horizontal line, exceeds in some points five degrees, where it does not cross ravines or streams."

On the 26th of October, 1835, the report was set aside.

On the 17th of December, 1835, a rule was granted to show cause why the decree of the Quarter Sessions, quashing the report of the commissioners, so far as respects the location of the said road in Bucks county should not be opened; the petitioners for the said road having had no knowledge of the exceptions.

On the 25th of January, 1836, the rule was discharged. Whereupon this writ of certiorari was sued out.

(Case of State Road in Lehigh County.)

Mr. *Ross,* for the appellants.

Whether the exceptions were true or not in point of fact, the Quarter Sessions below had no *jurisdiction of the exceptions.* This was a road laid out by commissioners, under an act of assembly, which gives the court no power of approval or disallowance of their proceedings. The only act on the subject is that of act of 11th of April, 1825, which gives the court authority to vacate or change the route of a state road in granting a view or review of the same, which was not done here. *Gettysburg Road,* (2 *Penn. Rep.* 289.)

Mr. *Miles,* contra.

The act of 11th of April, 1825, is inapplicable. That refers to cases of the *vacation* or *change* of a state road, laid out or to be laid out. This was a question of regularity of proceedings. The question depends on the act of the 10th of April, 1835, solely. By the third section, " the road shall be opened and repaired, in all respects as roads are opened and repaired, which are laid out by orders of the courts aforesaid." These are under the general road law, under which the sessions have a supervisory jurisdiction over the proceedings. *Jonestown road,* (1 *Serg. & Rawle,* 487,) meets the whole case. The power of the court is implied and is necessary. 2 *Yeates,* 33; 2 *Binn.* 256. This court will assume the exceptions in fact to be correct. *Spring Garden street,* (4 *Rawle,* 192;) 2 *Penn. Rep.* 207.

PER CURIAM.—The Quarter Sessions had no direct supervisory jurisdiction of the proceedings of the commissioners. It never was intended to give that, or perhaps any other court, a power to vacate, without supplying the part vacated; and such might have been the consequence of giving the sessions power to quash. A state road leading through many counties, and constituting originally, a whole, might have been broken into many fragments by it. The remedy for imperfections in the original location, is distinctly pointed out to be by view and review; and such ought to have been the course here.

　　　　　Judgment of the Sessions quashed, and proceedings of the
　　　　　Commissioners affirmed.