[No. 9939.  In Bank. — January 29, 1886.]

G. BERNERO, RESPONDENT, v. G. S. ALLEN ET AL., APPELLANTS.

68  505
132  13ʻ

LANDLORD AND TENANT — SUBLETTING CONTRARY TO COVENANT — TERMINATION OF LEASE — UNLAWFUL DETAINER — NOTICE TO QUIT. — Under section 1161 of the Code of Civil Procedure, a tenant who sublets the demised premises in violation of a covenant in the lease thereby terminates the lease, and the landlord may maintain an action of unlawful detainer against him upon giving the three days' notice to-quit provided by the statute.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The lease in question was in writing for the term of two years ending April 1, 1884, and for an additional term of three years at the option of the tenant. The tenant at the expiration of the original term continued in the possession of the demised property, and on the 19th of April, 1884, the plaintiff served upon him a three days' notice to quit for violating a covenant in the lease against subletting. The further facts are stated in the opinion of the court.

*W. D. Gould, John S. Maltman,* and *Wells, Van Dyke & Lee,* for Appellants.

*H. T. Gage,* and *Bicknell & White,* for Respondent.

Ross, J. — Unlawful detainer, to recover possession of a lot of land in the city of Los Angeles, with damages for the unlawful withholding thereof.

The original term of the lease expired April 1, 1884. Conceding for the purposes of this decision that an additional term of three years from April 1, 1884, was created, there was evidence tending to show, and the verdict of the jury includes a finding to the effect, that the lessee sublet the premises in violation of that provision of the lease which declared that the lessee should not "lease or

underlet, nor permit any other person or persons to occupy or improve the same, or make or suffer to be made any alterations therein, but with the approbation of the lessor thereto, in writing, having been first obtained."

Upon this state of facts the case is controlled by the fourth subdivision of section 1161 of the Code of Civil Procedure, which declares: "Any tenant or subtenant, assigning or subletting, or committing waste upon the demised premises, contrary to the covenants of his lease, thereby terminates the lease, and the landlord, or his successor in estate, shall, upon service of three days' notice to quit, upon the person or persons in possession, be entitled to restitution of possession of such demised premises under the provisions of this act."

The notice required was given, and by virtue of the provisions of this statute the plaintiff was entitled to restitution. Under this view the refusal of the court below to give the instruction requested by defendants was clearly correct.

The complaint, though inartificially drawn, is sufficient. Judgment and order affirmed.

THORNTON, J., MYRICK, J., MORRISON, C. J., McKEE, J., and McKINSTRY, J., concurred.

Rehearing denied.