[S. F. No. 48.   Department Two.— September 18, 1896.]

## BUTLER BURRIS, RESPONDENT, v. AMY LANDERS, ADMINISTRATRIX, ETC., ET AL., APPELLANTS.

STATUTE OF FRAUDS — PAROL GIFT OF REAL ESTATE — IMPROVEMENTS — RELIEF IN EQUITY.—If a parol gift of real estate has been made *in præsenti*, and the donee has entered under the gift, and has made permanent improvements upon the realty, and the circumstances are such that it would be an injustice upon the donee if he were thereafter to be deprived of the property by reason of imperfections in the gift, equity will treat the acts of the donor and donee as being such performance of the gift as to take the contract out of the statute of frauds, and lend its aid to enforce the title.

ID.—PLEADING — PAROL PROMISE TO CONVEY — EXECUTORY CONTRACT — IMPROVEMENTS MUST EXCEED RENTAL VALUE.— If the pleading does not show a gift *in præsenti*, but an entry and the making of valuable and lasting improvements under a parol promise to convey, the cause of action is not to perfect a parol gift incompletely made, but to enforce a parol executory contract to convey land, and it is essential in order to take such contract out of the statute of frauds, that expenditures in the nature of lasting and permanent improvements must have been made upon the faith of the promise, so as to enhance its value over and above its rental value, and if the total expenditures do not exceed the value of the use and occupation of the land, and the improvements are made rather to suit the convenience and taste of the occupant, than to enhance the value of the realty, equity will not enforce the promise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*J. W. Carter*, and *Adams & Adams*, for Appellant.

Finding V of the trial court, to the effect "that on or about the sixteenth day of April, 1883, and in his lifetime, the said Michael Landers made a gift of the house

and lot of land, described in finding IV, to the plaintiff, Butler Burris," is not sustained by the complaint, nor by the evidence.    (*Schoonmaker* v. *Plummer*, 139 Ill. 612; *Anderson* v. *Scott*, 94 Mo. 637; *Halsey* v. *Peters*, 79 Va. 60; *Griggsby* v. *Osborn*, 82 Va. 371; *Worth* v. *Worth*, 84 Ill. 442; *Stanton* v. *Miller*, 58 N. Y. 192.)    The evidence shows, not a gift *in præsenti*, but an intention to give at some future time.    (*Cotteen* v. *Missing*, 1 Madd. 176; *Hooper* v. *Goodwin*, 1 Swanst. 486; *Geary* v. *Page*, 9 Bosw. 297; *Northrop* v. *Hale*, 73 Me. 66; *Dole* v. *Lincoln*, 31 Me. 422; *Brownlee* v. *Fenwick*, 103 Mo. 420; *Grebner* v. *Patterson*, 5 Cent. Rep. 723.)    The facts of this case are not such as entitle plaintiff to the aid of a court of equity to compel due execution of a parol gift of land. Before a court of equity will extend the remedy of specific performance, in avoidance of the statute of frauds, it must appear not only that the donee has made valuable and permanent improvements, but that those improvements were made as a consequence of the gift. (Pomeroy on Specific Performance, secs. 122, 130, 131; *Poorman* v. *Kilgore*, 26 Pa. St. 365; 67 Am. Dec. 425; *Anson* v. *Townsend*, 73 Cal. 415; *Dawson* v. *McFaddin*, 22 Neb. 131; *Gwynn* v. *McCauley*, 32 Ark. 97; *Irwin* v. *Dyke*, 114 Ill. 302; *Johnston* v. *Johnston*, 19 Iowa, 74; *Young* v. *Glendenning*, 6 Watts, 509; 31 Am. Dec. 492; *Wack* v. *Sorber*, 2 Whart. 392.}

*Andrew Thorne*, for Respondent.

After Burris took possession and made improvements, the gift became wholly executed; for a "gift is completed the earliest moment at which the donee can compel the donor to give him a deed for the property." (Thornton on Gifts and Advancements, 406; *Freeman* v. *Freeman*, 51 Barb. 311.) An agreement for a gift of land will not be enforced against the donor upon proof alone of the promise to give.    But where the donee has accepted the promise, entered into possession of the land, made improvements upon the faith of the promise, and thus changed his condition, the donor will be required to make good the

gift. (*Anderson* v. *Scott*, 94 Mo. 643; *Dougherty* v. *Harsel*, 91 Mo. 161; *West* v. *Bundy*, 78 Mo. 407; *Anderson* v. *Shockley*, 82 Mo. 250; *Halsey* v. *Peters*, 79 Va. 66; Pomeroy on Specific Performance, sec. 130.) Courts will compel the specific performance of parol contracts for the sale of real property where there has been a part performance of the contracts, and parol gifts will be enforced under like circumstances and conditions as parol sales. (*Anson* v. *Townsend*, 73 Cal. 417; *Freeman* v. *Freeman*, *supra*; *Manly* v. *Howlett*, 55 Cal. 94; *Bakersfield etc. Assn.* v. *Chester*, 55 Cal. 102.) The improvements made by plaintiff were made in consequence of the gift, and were valuable and permanent, and such as entitle plaintiff to a specific performance. (*Poullain* v. *Poullain*, 76 Ga. 420; Thornton on Gifts and Advancements, 409, and cases cited; *Neale* v. *Neales*, 9 Wall. 12; *Hartman* v. *Streitz*, 17 Neb. 557; Pomeroy on Specific Performance, secs. 114, 135; Waterman on Specific Performance of Contracts, secs. 271, 284; *Manly* v. *Howlett*, *supra*; *Bakersfield etc. Assn.* v. *Chester*, *supra*; *Anson* v. *Townsend*, *supra*; *Burlingame* v. *Rowland*, 77 Cal. 315; *Freeman* v. *Freeman*, 43 N. Y. 34; 3 Am. Rep. 657; 22 Am. & Eng. Ency. of Law, 986; *Atkinson* v. *Jackson*, 8 Ind. 31.)

HENSHAW, J.—The appeal is from the judgment, taken within sixty days after its rendition. The evidence is brought up for review by a bill of exceptions. The action was brought by plaintiff against Amy Landers as administratrix, and William J. Landers as administrator, of the estate of Michael Landers, deceased. The complaint charged that Michael Landers was, upon the sixteenth day of April, 1883, the owner of a certain piece of land, a lot with twenty-five feet frontage by ninety feet in depth, situated upon Shotwell street, in the city and county of San Francisco, upon which had been erected a dwelling-house. It then averred "that in consideration of long-continued, faithful services of plaintiff to said Michael Landers, on said sixteenth day of April, 1883, and in his lifetime, the said Michael Landers made

a parol gift in relation and in respect to said lot of land and the improvements thereon, whereby the said Landers *promised* and *agreed* to and with this plaintiff that if he, this plaintiff, would go into the possession and occupancy of said land and premises, hereinafter described, that he, the said Landers, would at any time thereafter, upon demand, when so requested, make a good and sufficient deed to this plaintiff of the legal title thereto. That on said day, and subsequent to said agreement, and previous to the death of said Landers, this plaintiff, with the knowledge, consent, and concurrence of said Landers, took possession of said lot and premises and made lasting and valuable improvements thereon, paid the state, city, and county taxes thereon, and all charges for street improvements. That said Michael Landers died, as aforesaid, on the twentieth day of October, 1886, seised of the legal title to said lot of land, without having made a conveyance thereof to this plaintiff."

A decree was sought compelling the representatives of Landers, deceased, to execute a conveyance to plaintiff of the property in question.

It is claimed that the action is one in which the aid of a court of equity may be invoked to compel due execution of a parol gift of land, but the complaint does not sufficiently state a cause of action for this purpose. It does not aver a gift of the land, but "a gift in relation and in respect to said lot of land whereby the said Landers promised and agreed to make a good and sufficient deed to plaintiff upon demand." Under the complaint, which must govern plaintiff's right of recovery, a case is not pleaded of an attempted gift, defective in form, which, to prevent injustice upon the donee, equity will perfect. It is an effort simply to enforce a promise to make a gift, the execution of which was never attempted to be completed by deceased in his lifetime.

The cases are numerous, and the rule may be considered well settled, that where a parol gift of real estate is

made *in præsenti*, and the donee has entered under the gift, and has made permanent and valuable improvements upon the realty, and the circumstances are such that it would be unjust to the donee if he were thereafter to be deprived of the property by reason of imperfections in the gift, equity will treat the acts of the donor, together with the acts of the donee, as being such performance of the gift as will relieve the contract from the operation of the statute of frauds, and it will under such circumstances lend its assistance to the perfection of the donee's title. (Thornton on Gifts and Advancements, par. 372, et seq.) That, however, is not the case here pleaded, and the finding of the trial court that upon the sixteenth day of April, 1883, Landers made a gift of the property to Burris, is without the issues.

Plaintiff's real claim, as disclosed by his pleadings, is that he entered with the knowledge and approval of Landers, and under Landers' promise that he would thereafter, upon demand, make him a deed, and that, relying upon that promise, he made lasting and valuable improvements upon the property. His ground for equitable relief is that because of the change in his situation brought about by the promise of Landers, it would be an injustice amounting to a fraud upon him, if Landers or his representatives were not compelled to make good the promise. This, it will be noted, is a different action from one to compel the perfection of a gift presently but incompletely made.

That equity will, however, even in such cases, and to prevent wrong, enforce the performance of such a promise, is recognized by the authorities. If a donor by promises induces the donee to change his position to his detriment, after the change is made the donor can be compelled to make his promise good. The relation between them then becomes one of contract. (Thornton on Gifts and Advancements, par. 337.) In *Anderson* v. *Scott*, 94 Mo. 637, the court had under consideration a promise very like the one at bar, and stated the rule as

follows: " Where the donee has accepted the promise, entered into possession of the land, made improvements on the faith of the promise, and thus changed his condition, the donor will be required to make good his gift. Such a state of facts will take the case out of the statute of frauds."

But, to give the plaintiff the benefit of this rule, the expenditures must have been made upon the faith of the promise, and must be in the nature of lasting benefits and improvements to the land, tending to enhance its value over and above the value of the use of the property to the plaintiff. (*Wack* v. *Sorber*, 2 Whart. 392.) Slight and temporary improvements, or trivial outlays, made to suit the taste or convenience of the occupant, do not raise an equity in favor of the donee (Pomeroy on Specific Performance, secs. 128–31; *Poorman* v. *Kilgore*, 26 Pa. St. 361; 67 Am. Dec. 425); for, if the value of the expenditures made by the occupant does not exceed the benefit to him of the use of the land without charge or rental, then, generally, and in the absence of other circumstances of hardship shown, he not only will not have been injured, but will in fact have been advantaged by the promises made.

It is shown by the evidence that the rental value of this property is thirty dollars a month; that there was erected upon it at the time that plaintiff entered into possession of it a substantial dwelling-house; that the plaintiff has had free use and occupation of the premises for the period of four years.

The court found that lasting and permanent and valuable improvements had been made by the donee upon the property. It appears that the house was in process of construction at the time when Landers told the plaintiff that he might occupy it, and that, in anticipation of his occupancy, and for his convenience, plaintiff made some changes in the arrangement of the house, costing about three hundred dollars. During his occupancy, plaintiff expended about one hundred dollars for painting the house, forty-five dollars for a mantel, and

about one hundred and fifty dollars for papering, decorating, and carpets. These latter improvements would amount to two hundred and ninety-five dollars, or less than a year's rent. In addition the court finds that the plaintiff expended four hundred and seventy-three dollars for taxes and street improvements, and, allowing interest upon that amount, the total expended for such purposes is five hundred and eighty-four dollars, or less than two years' rent.

The evidence, then, in support of the findings, shows that the total expenditure of the plaintiff did not equal the rental value of the property during the time of his occupancy, and that the so-called permanent improvements were rather expenditures made to suit the convenience and taste of the occupant, and were not such as the law contemplates, of a character to enhance the value of the realty.

The judgment is reversed, and the cause remanded for a new trial.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.