[L. A. No. 787.   Department One. — March 8, 1901.]

FLORA HARLOE, Respondent, v. C. K. LAMBIE and FRANK PIERCE, Defendants.   C. K. LAMBIE, Appellant.

UNLAWFUL DETAINER — LEASE — BREACH OF COVENANT NOT TO SUBLET — NOTICE TO PERFORM COVENANT. — The notice in writing provided for in section 1161 of the Code of Civil Procedure before a lessor commences an action of unlawful detainer requiring the performance of the conditions and covenants of the lease, other than for the payment of rent, has no application to conditions or covenants that cannot be performed after the notice; and such notice is not required after breach of a covenant not to sublet without the consent of the lessor, in order to support a cause of action for forfeiture of the lease.

ID. — EVIDENCE — COPY OF LEASE — ADMISSION OF PLEADINGS — NOTICE TO PRODUCE ORIGINAL. — Where the pleadings are verified, and the execution of the lease and its contents are not denied, proof of a

copy of the lease can add nothing to the admissions of the pleadings, and cannot be prejudicially erroneous. But if the defendant is in possession of the original lease, and after being notified to produce it, has failed to do so, and does not object to the reasonableness of the notice, the copy is admissible, and is not subject to the objection that it is not the best evidence.

ID. — PAROL EVIDENCE TO VARY LEASE — CHANGE OF TIME FOR PAYMENT OF RENT. — Evidence of a parol agreement to change the time for the payment of rent from that stated in the lease is inadmissible. The written lease can only be altered by a contract in writing, or by an executed oral agreement.

ID. — ANSWER — EXTENSION OF TIME — FAILURE TO ALLEGE OR PROVE TENDER OR PAYMENT. — Where the answer alleged an agreement to extend the time of payment of the rent sued upon, which time had expired before the action was commenced, and long before the answer was filed, and there was no allegation or proof that the rent sued for was tendered or paid, no defense to the action was shown.

ID. — CONTINUANCE — DILIGENCE AND MERITS NOT SHOWN. — A continuance moved for upon an affidavit, which failed to show any diligence, and did not disclose any defense on the merits, was properly denied.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellant.

Wilcoxon & Bouldin, for Respondent.

COOPER, C. — Action in unlawful detainer. The cause was tried before a jury, and a verdict rendered for plaintiff. Upon this verdict judgment was entered, and defendant Lambie brings this appeal from the judgment and from an order denying his motion for a new trial.

No point is urged against the judgment. No error is claimed as to the instructions of the court to the jury, but certain alleged errors of law are urged, which we will notice in the order set forth in the appellant's brief. The facts are as follows: On November 1, 1897, the plaintiff leased to appellant the real estate described in the complaint, by written lease, for the term of three years from said date, for a rental of one thousand dollars per year. For the first year, the rent was

payable $350 on April 1, 1898, and $650 on November 1, 1898.

The lease contained a covenant that the appellant would "not underlet any portion of said premises or assign this lease without the written permission of the said party of the first part." The appellant entered into possession under the lease, and has continued, by himself and sub-tenant, to hold such possession.

On May 5, 1898, appellant, without plaintiff's consent, and in violation of the terms of the lease, sublet a portion of said premises to defendant Pierce. Pierce paid to appellant the sum of four hundred dollars for the premises so sublet to him. Appellant has never paid any rent, and, upon demand made in writing, refused to pay or to surrender up possession of the premises. Plaintiff commenced this action May 31, 1898, to recover possession, upon the ground of the failure of appellant to pay the rent, and remaining in possession three days after demand made for its payment, and upon the further ground that appellant violated the covenants of said lease by subletting to Pierce.

It is claimed by appellant that the second cause of action set forth in the complaint does not state facts sufficient to constitute a cause of action for forfeiture of the lease for a breach of the covenant not to sublet, because "no notice requiring the performance of the covenant" was served on appellant. The covenant was, "not to sublet." Appellant had violated the covenant, and had sublet. It is difficult to imagine any purpose that could have been subserved by plaintiff serving a notice on appellant to perform a covenant "not to sublet," when he had already sublet. If the notice had been served, it would have been impossible for appellant not to do that which he had already done. The notice mentioned in the statute has no application to conditions or covenants that cannot be performed after the notice. (Code Civ. Proc., sec. 1161; *Bernero* v. *Allen,* 68 Cal. 505; *Kelly* v. *Teague,* 63 Cal. 68.)

Plaintiff offered and read in evidence, under appellant's objection, a copy or duplicate of the written lease. This is claimed to be error, for the reason that the lease, being in writing, was itself the best evidence. The objection is without merit, for the reason that the facts stated in the complaint, in

regard to the execution of the lease and its contents, were not denied in the answer. These pleadings were verified, and the lease, when proven, did not add anything to the admissions of the pleadings. The lease was in the appellant's possession. When called upon to produce it, he failed to do so, and said that he had given it to Ernest Graves, one of his attorneys. William Graves, who was trying the case for appellant, said that he did "not know where the lease is. If the lease is in the possession of Graves and Graves, it is in the private box of Mr. Ernest Graves, who is now sick in San Francisco." It thus appears that, when called upon, appellant did not produce the lease. He did not place his objection upon the ground that he had not had reasonable notice to produce it. In such case the evidence was admissible. (Code Civ. Proc., sec. 1938; *Burke* v. *Table Mountain Water Co.*, 12 Cal. 408; *Jones* v. *Jones*, 38 Cal. 584.)

In appellant's answer he alleged that the time for the payment of the rent that became due on the 1st of April, 1898, was extended to the eighteenth day of May, 1898. He offered at the trial to prove such agreement by parol, and the court sustained the objection of plaintiff to the offered evidence. The ruling was correct. A contract in writing cannot be altered, except by a contract in writing or by an executed oral agreement. (Civ. Code, sec. 1698; *Henehan* v. *Hart*, 127 Cal. 656.)

But, aside from this, conceding the answer to be true, the amount became due May 18, 1898, long before the answer was filed, which was September 1, 1898. There is no allegation of tender or payment in the answer. The cause was tried in November, 1898, and there was no proof of any payment or tender at that date. The court properly denied the motion for a continuance.

The affidavit entirely failed to show any diligence on the part of appellant. It simply showed that Mr. Ernest Graves, of the firm of Graves and Graves, was ill in San Francisco, and had been so for over a week. No reason is given in the affidavit why appellant had not fully advised with Mr. William Graves, who tried the case for him, and who was a member of the firm, as to the merits of his defense. The affidavit entirely failed to show that he had any defense of any kind, on the merits or otherwise.

The appeal in this case is frivolous and entirely devoid of merit.

The judgment and order should be affirmed, with one hundred dollars damages to plaintiff.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed, with one hundred dollars damages to plaintiff.          Harrison, J., Garoutte, J., Van Dyke, J.