[Civ. No. 90. Second Appellate District.—December 4, 1905.]

## WILLIAM BRILL, Respondent, v. MRS. NONA CARSLEY, Appellant.

UNLAWFUL DETAINER—IMPROPER JUDGMENT UPON PLEADINGS—HOLDING BY DEFENDANT UNDER AGREED RENTAL.—Where the complaint in an action for unlawful detainer alleged a lease of the premises to de-fendant for a private hotel for one year from May 1, 1902, for $100 per month, and that extensive improvements comprising twenty-seven rooms were added thereto, and completed December 1, 1902, after which defendant paid $300 per month until July 1, 1903, when plaintiff gave her thirty days' notice to quit, and three days' notice thereafter, and claimed treble damages, and where the an-swer pleaded a holding under an instrument executed by plaintiff September 9, 1903, stating that defendant can have the premises "at a monthly rental of $200 as long as she likes," a judgment for plaintiff upon the pleadings was erroneous.

ID.—CONSTRUCTION OF INSTRUMENT UPON ADMITTED FACTS—AGREED TERMINATION OF FORMER LEASE—ADDITIONAL RENT—TENANCY FOR ONE YEAR.—Under the admitted facts, December 1, 1902, was the apparently agreed termination of the original lease, in view of the completed improvements, and the amount of $200 monthly rental, in the instrument pleaded in the answer, is determined by the subse-quent acts of the parties to have meant $200 in addition to the $100 in the original lease, and that the new instrument was to have effect December 1, 1902; and whether a new lease was contemplated or not, the promise made and the holding over under its terms, "as she likes," without designation of the term desired, and without a new lease, was sufficient to rebut the presumption of a tenancy from

month to month, under section 1945 of the Civil Code, which presumption being removed, a tenancy for one year of the hotel premises would be presumed, under section 1943 of the same code, in the absence of a definite term.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

W. C. Batcheller, for Respondent.

ALLEN, J.—Action for unlawful detainer. Judgment for the plaintiff upon the pleadings, from which defendant appeals.

It appears from the complaint that on May 1, 1902, plaintiff leased to defendant the described premises, as a private hotel, for one year, at a monthly rental of $100; that during the tenancy extensive improvements thereon were made, with defendant's approval, the effect of which was to add twenty-seven rooms to the building, which improvements were completed December 1, 1902. Defendant, after December 1, 1902, paid to plaintiff a monthly rental of $300, and continued so to do until July 1, 1903; that after the payment of the June rental plaintiff served upon the defendant a written notice to quit and deliver up possession of the premises on August 1, 1903, and thereafter, on August 4, 1903, served a three-days' notice to quit, or, in default, that legal proceedings would be commenced to recover possession, with treble rent as damages. Defendant answered, denying that the improvements were made with her consent; and alleging that on September 9, 1902, plaintiff executed to defendant the following instrument:

"This is to certify that Mrs. Nona Carsley can have the premises at 647 S. Grand ave., at a monthly rental $200.00 as long as she likes.                    WM. BRILL.

"This lease is not assignable or transferable."

And under this agreement defendant averred that she was holding. With the pleadings in this state, on motion duly made, the trial court rendered a judgment for plaintiff upon

the pleadings for restitution and treble rent for the months of August, September, and half of October, at the rate of $200 per month—in the aggregate as trebled, $1,500.

We are of opinion that the rendition of this judgment upon the pleadings was error. Under section 1943 of the Civil Code, a hiring of real property of the character here described is presumed to be for one year from its commencement, unless otherwise expressed in the hiring. Section 1945 of the Civil Code provides: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month when the rent is payable monthly, nor in any case one year." The admitted situation of the parties in September, 1902, was this: The plaintiff was making large expenditures upon the property, increasing the rental value threefold. Under the written lease he could have recovered of defendant only $100 per month for the balance of the term. (*Harloe* v. *Lambie*, 132 Cal. 136, [64 Pac. 88].) The defendant recognized the fast approaching termination of her tenancy, and both parties evidently desired to obtain a benefit from the altered conditions. The instrument executed to accomplish this end is most uncertain. The amount of $200 therein expressed as rental is determined by the subsequent acts of the parties to have meant $200 in addition to the original $100 provided in the lease. When it was to take effect is as uncertain; evidently not from its date, for by the subsequent act of the parties they did not give it effect until December 1st. The stipulation as to the term being "as long as you like," it cannot be well said to have been intended as creating a tenancy at will on December 1st, when the parties by their act gave a part of it effect, for this would have given the plaintiff the right to have ended the lease even before its original termination, which would have been no consideration to defendant for her assumption of increased rental. Nor can it be said that the intention was that it should take effect at the expiration of the existing lease, for one of the changes in the terms of the original lease was as to the rental, and the parties by their acts treated this new agreement as taking

effect December 1st, and we may not say that a part was to take effect one day and a part four months thereafter.

In what we have here said we do not desire to be understood as intimating that the written instrument was sufficient to create a tenancy at will, terminable by plaintiff under any circumstances. The probable intent of the parties in the execution and receipt of the written instrument set out in the answer was that it should be treated as a contract to execute a new lease on December 1st for such length of time as the defendant might designate. She seems to have made no designation, and no new lease was made; yet, relying on the terms contained therein, remained in possession after the term of the original lease. This promise and holding over should be sufficient to overcome the presumption of a tenancy from month to month on account of a monthly payment, as provided in section 1945 of the Civil Code, which presumption being removed, a tenancy for one year would follow; and the same result would be obtained were we to treat it as an agreement for a new lease on December 1st, the apparently agreed termination of the old lease, for by section 1943 of the Civil Code, a hiring without definite terms is presumably for a year. Viewing the answer in any light, the contract therein set out was sufficient, in our opinion, to constitute a defense to the cause of action set out in the complaint, and the motion for judgment upon the pleadings should have been denied and the parties put upon their proof.

Judgment reversed and cause remanded.

Gray, P. J., concurred.

SMITH, J.—I concur in the judgment, and generally, in the reasoning of the opinion. I am not prepared to say, however, that the agreement of September 9, 1902, set up in the defendant's answer, is not a valid agreement according to its terms. Nor is it necessary in this case to hold the contrary, or to say anything affecting the question.

A petition for a rehearing of this cause was denied by the district court of appeal on January 2, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1906.