[Civ. Nos. 10549, 10550.  Second Appellate District, Division Two.—
December 18, 1935.]

MARY STRONG MASON et al., Respondents, v. THE HOME
INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Hindman & Davis and Angus C. McBain for Appellant.

Mott, Vallee & Grant, John G. Mott and Paul Vallee for
Respondents.

GOULD, J., *pro tem.*—Awards by a jury in favor of respondents (plaintiffs) and against appellant (defendant corporation) in two consolidated actions for rent in the sums of $28,351.94 and $5,608.69 cannot be upheld. Involved are written leases executed by respondents as lessors, not with appellant, but with another corporation as lessee. After the

premises had been occupied for some time by the rent-paying lessee, appellant and other corporations moved in under a joint office arrangement for the purpose of economizing office expenses. For a period thereafter rental was paid out of a joint bank account to which the various occupants of the premises contributed in proportions mutually agreed upon by them. Appellant never signed either of the original leases, signed no agreement to assume or pay the rental or any part thereof, and in fact executed no writing of any nature whatever with respondents respecting the use or occupation of the premises or the payment of rental therefor. Neither did appellant ever accept or receive any written assignment of leases. All rentals were paid while the premises were occupied—for a portion of the time by the joint bank account arrangement, and, after the insolvency of the original lessee, by appellant herein. After appellant vacated the premises respondents notified its agent that appellant would be held responsible for the rentals under the original leases. The present suits followed for rentals accruing after the vacation of the premises by appellant.

It is to be noted that appellant did not sign the original leases, nor were such leases assigned to it. Even an assignment of the leases would have created no privity of contract between appellant and respondents, but simply a privity of estate, which would have been completely and finally terminated by abandonment of the premises. (*Farber v. Greenberg,* 98 Cal. App. 675 [277 Pac. 534].) The actions herein are predicated upon the theory that appellant became responsible under the original leases by assuming such leases and agreeing to pay the rentals therein reserved. Ordinarily such assumption and agreement, covering as in this case a period of more than one year, to comply with the statute of frauds, must be in writing. (Civ. Code, secs. 1624 and 2309.) In the admitted absence of any writing respondents urge that appellant is estopped to interpose the defense of the statute of frauds because, it is claimed, it has partially performed an oral agreement to assume the leases.

Assuming that there is evidence to sustain the implied findings of the jury that appellant actually orally agreed to assume and be bound by the leases, and that thereafter appellant's acts and conduct amounted to a partial performance of the agreement, nevertheless respondents cannot prevail. Be-

fore appellant can be estopped to rely upon the statute of frauds it must appear that respondents have been placed in such a changed position that to allow appellant to assert the statutory defense would be to work an unjust and unconscionable loss upon respondents (*Seymour* v. *Oelrichs,* 156 Cal. 782 [106 Pac. 88, 134 Am. St. Rep. 154]) amounting in effect to a fraud upon them. (*Mitchell Camera Co.* v. *Fox Film Corp.,* ▌(Cal. App.) 51 Pac. (2d) 186.) There is no substantial evidence in the record showing any changed position whatsoever on the part of respondents in reliance upon the asserted assumption of the leases by appellant. Consequently it follows as a matter of law that appellant is not estopped to invoke the statutory defense.

Inasmuch as the judgments must be reversed for the reasons set forth it becomes unnecessary to consider other points raised.

Judgments reversed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1936.