[Civ. No. 11136. First Appellate District, Division Two.—July 18, 1940.]

FRED H. WALTHER, Respondent, v. OCCIDENTAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Louis Ferrari, Keyes & Erskine, Andriano & Lowery and Leslie L. Roos for Appellant.

Vincent W. Hallinan, Carey Van Fleet and Algerdas N. Cheleden for Respondent.

NOURSE, P. J.—The defendant appeals from a judgment in favor of the plaintiff and from an order denying a motion for a new trial.

The plaintiff sought employment by the defendant company as a salesman, and was interviewed by F. B. Alldredge, manager of the branch office. At a subsequent meeting on Janu-

ary 20, 1934, the plaintiff signed a printed form contract entitled "Contract of Employment to Solicit Life Insurance" wherein he was employed as an agent for the purpose of soliciting insurance; at the same time he entered into a written contract of a similar type employing him as an agent to solicit accident and health insurance. These contracts of employment were signed by Alldredge, and subsequently by V. H. Jenkins, the vice-president of the company.

The plaintiff testified that a few days later Alldredge announced at a salesmen's meeting that the company desired to have its agents solicit group insurance; a "registration rule" was stated to be in effect whereby any salesman who contacted a prospective buyer and registered the contact at the defendant's office would have a prior right to the commissions. The plaintiff further testified that on January 27, 1934, he went to Alldredge's office for the purpose of discussing the sale of group insurance; it was orally agreed that the plaintiff was to solicit group insurance on the regular commission basis, registering his contacts, and after any single piece of business was closed the oral agreement would be reduced to writing. This oral contract forms the basis of the action.

In pursuance of the oral agreement, the plaintiff contacted Mr. Raymond, the warehouse superintendent of Purity Stores, Inc., and registered this contact with the defendant; the plaintiff further interviewed the members of the Employees' Council to explain the system of group insurance, and attempted to complete the sale. On March 15, 1934, Mr. Benjamin, manager of the defendant's group insurance department, talked with Mr. Niven, president of Purity Stores, after a prior contact had been made with Niven by Seawell, another of the defendant's insurance salesmen. After extensive negotiations which are of little import in this case, Mr. Benjamin again interviewed Mr. Niven on May 7, 1934, at which time the plaintiff was not present; the policy was finally written by the defendant through a brokerage firm, which had agreed to split the commission with Seawell.

The plaintiff brought suit against the defendant company for the commissions which he alleged were owed to him because of the sale of group insurance to the Purity Stores. His claim is based upon the alleged oral agreement employing him as an agent for the solicitation of group insurance

and upon the fact that he first contacted the Purity Stores and registered his contact. The superior court found that such an oral agreement did exist, that the plaintiff had performed all the terms of the contract, and therefore was entitled to the commission upon the premiums paid to the defendant under these policies of group insurance.

The appellant contends that the written agreements of January 20, 1934, purport on their face to contain a complete expression of the whole agreement between the parties with respect to the plaintiff's employment, and consequently the alleged oral agreement employing the plaintiff for the purpose of soliciting group insurance is barred by section 1698 of the Civil Code and section 1856 of the Code of Civil Procedure. The respondent contends that the oral agreement can be shown because, first, it is an independent contract on an entirely different subject, and, second, it was fully executed by the plaintiff.

■ The primary question on this appeal is whether the written contracts of employment were the complete expressions of the parties and whether the terms of these contracts for the solicitation of insurance covered the subject of group insurance. If this is true, then the oral agreement is merely a modification of the terms of the written contracts, and is ineffective unless it is a fully-executed contract. (Sec. 1698, Civ. Code.) The plaintiff must rely on the subsequent oral agreement in order to recover, as under the written agreements he is only entitled to a commission if his name is signed as agent on the application for insurance, and it was not on the applications for the Purity Stores, Inc., insurance; under the written agreements if there is any dispute as to who is entitled to the commission, the defendant had the right to decide that dispute; and there is no stipulation in the written agreements to the effect that if the plaintiff registered on a contact he would be entitled to the commission whether or not the insurance was written by another agent in or out of the company.

At the outset it is important to determine the scope and contents of the written agreements under which the plaintiff was employed by the defendant company. The two contracts are similar in form so we will turn our attention to the agreement entitled "Contract of Employment to Solicit Life Insurance". Clause One states: "That the Agent is

hereby appointed for the purpose of soliciting insurance and collecting and remitting the first year premiums on same, under the rules and regulations of the Company.'' Clause Three provides that the contract ''covers and includes all agreements verbal and written between the parties hereto''. Clause Fourteen provides that commissions ''shall accrue only as premiums are paid in cash to the Company, and shall be paid to the Agent whose name appears on the application''. Clause Seventeen states ''that the commissions shall be fixed by the Company on any policies which may be issued in the future or on any policies not specified in this contract.'' The written contracts are the complete expression of the parties regarding the employment of the plaintiff; under these agreements all of the terms of such employment are fully set forth. Although the writings do not mention group insurance specifically, they provide that the plaintiff shall solicit applications for life insurance and for accident and health insurance.

Section 1698 of the Civil Code provides: ''A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.'' We must determine then if the subsequent oral contract is a modification of the written instruments or an independent agreement. According to the testimony of the plaintiff he was told by Mr. Alldredge to ''go ahead, work on this business, you will get the regular commissions when the business is closed, we will give you a one case contract''. This expression cannot be interpreted as an independent contract, but can only be construed as adding a new term to the already complete expression of the plaintiff's employment; therefore it is clearly an attempted modification of the former written contracts.

The prior written agreements employed the plaintiff to solicit life insurance, and this latter term must be construed as covering group life insurance. As stated by the appellant, section 629b of the Political Code in effect at the time these agreements were made provided: ''Group life insurance is hereby declared to be that form of life insurance . . . '' The agreement must be construed in the light of the statutes in force at the time. In *Weinreich Estate Co.* v. *A. J. Johnston Co.*, 28 Cal. App. 144, the court said at page 146 [151 Pac. 667] : ''The settled law of the land at the time a contract is made becomes a part of it and must be read into it.'' (6

Cal. Jur., pp. 310, 311, and cases cited therein.) The written contracts must be said to include the employment for solicitation of group insurance, and therefore the oral contract is merely a modification which adds the "contact registration" rule whereby the agent has a right to the commissions if he notifies the defendant company of the contact prior to the sale of the policy.

In *Harrison* v. *McCormick,* 89 Cal. 327, the court states at page 330 [26 Pac. 830, 23 Am. St. Rep. 469] : "The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court." (*Weil* v. *California Bank,* 219 Cal. 538, 540 [27 Pac. (2d) 904] ; *Heffner* v. *Gross,* 179 Cal. 738, 742 [178 Pac. 860].) The written contracts of January 20, 1934, were complete expressions of the agreement of the parties concerning the plaintiff's employment, and the subsequent oral agreement was merely an attempted modification of the prior contracts.

█ The oral agreement cannot alter the written contract unless the former has been fully executed. (Sec. 1698, Civ. Code; *California Securities Co.* v. *Grosse,* 3 Cal. (2d) 732, 733 [46 Pac. (2d) 170] ; *Anderson* v. *Adler,* 42 Cal. App. 776, 779 [184 Pac. 42] ; *Harloe* v. *Lambie,* 132 Cal. 133, 136 [64 Pac. 88].) █ The plaintiff has not fully performed his part of the agreement. A complete performance of the contract by the plaintiff would require nine years; the record shows that the plaintiff testified that as part of this contract he was required to exert his influence to keep the policy in force for nine years.

The oral agreement required the agent to register the contact at the defendant's office. The evidence in the lower court did not clearly define the word "contact". However, plaintiff testified that he was required to register the "business". It is not shown that Mr. Raymond had any authority to purchase insurance for the Purity Stores; on the contrary, Mr. Niven, president of Purity Stores, testified that neither Raymond nor the Employees' Council had a voice in the placing of the insurance. Therefore, it cannot be said that the plaintiff made a contact with the business when he talked with this superintendent, and hence the registration of such an interview was not a registration of the "business" as specified in the contract. The first contact with a per-

son who had authority to purchase insurance was made by Seawell when he contacted with Mr. Niven prior to the time that the plaintiff interviewed him. One of the plaintiff's own witnesses testified that the agent must close the business in order to be entitled to the commission under the group insurance employment contract. The plaintiff had no part in the final signing of the policy by the Purity Stores, and his name did not appear on the application. All this evidence shows that the oral contract was not executed as required by section 1698 of the Civil Code. *Keeler* v. *Murphy*, 117 Cal. App. 386, 390, holds [3 Pac. (2d) 950] : ''The cases are clear under this section that an oral agreement is not executed within the meaning of the code unless it has been fully performed' by both parties.'' (*Henehan* v. *Hart*, 127 Cal. 656 [60 Pac. 426] ; *Fuller* v. *Mann*, 119 Cal. App. 568, 573 [6 Pac. (2d) 999] ; *Klein Norton Co.* v. *Cohen*, 107 Cal. App. 325, 330 [290 Pac. 613].)

The oral agreement is clearly a modification of the prior employment contracts, and as the modifying contract has not been executed it is ineffective as a basis for a cause of action. The plaintiff is not entitled to recover any commissions under this alleged oral agreement; he has not shown compliance with the terms of the written contracts and he is therefore not entitled to recovery thereunder.

The judgment is reversed, and the appeal from the order is dismissed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 17, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1940. Houser, J., voted for a hearing.