[Civ. No. 8781.   Third Dist.   Feb. 29, 1956.]

DAVID T. KINGSTON et al., Appellants, v. HAROLD
E. COLBURN et al., Respondents.

Deasy & Deasy and Pierce Deasy for Appellants.

Angelo J. DePaoli for Respondents.

PEEK, J.—Plaintiffs sought to recover rent alleged to be due under a written lease for a term of five years at a monthly rental of $125. Defendants' answer denied the existence of a lease and affirmatively pleaded the statute of frauds. At the conclusion of the trial judgment was entered in favor of defendants, and plaintiffs appeal.

From the record before us it appears that the lease which was introduced in evidence by plaintiffs was entirely devoid of any description of the real property; that plaintiffs sought to introduce parol evidence to supply the missing description; and that defendants objected thereto on the ground that it violated the parol evidence rule and was in conflict with the statute of frauds, which objection was sustained. No attempt was made by plaintiffs to seek reformation of the agreement.

It is plaintiffs' first contention that the court erred in refusing to admit parol evidence to supply the missing description. It has long been the rule that to satisfy the statute of frauds, the writing "must so describe the land that it can be identified with reasonable certainty." Also the description fulfills the test if "it furnishes the 'means or key' by which the description may be made certain . . ." (*Beverage* v. *Canton Placer Min. Co.,* 43 Cal.2d 769, 774 [278 P.2d 694].)

But where, as here, the writing is devoid of even "the means or key," parol evidence may not be used to "supply the necessary description and then apply the description supplied by parol evidence to a particular portion of the earth's surface." (*Gordon* v. *Perkins,* 108 Cal.App. 336, 342 [291 P. 644].)

Plaintiffs' second contention is essentially that even in the absence of appropriate pleadings to that effect, the court should have reformed the lease upon the ground of mutual mistake. The question so raised also finds answer in the Beverage case where the court held that, "Since the complaint contained no supplementary allegations in aid of the defective description, it furnished the court with no basis for ruling on the admissibility of evidence offered to identify the property the parties had in mind." (43 Cal.2d 769, 775.)

The final contention of plaintiffs is that since defendants went into possession and paid rent during their possession, they were estopped to set up the defense of the statute of

frauds. It is the rule that before defendants could be estopped to rely upon the said statute, it must appear that plaintiffs had been placed in such a changed position that to allow defendants to assert the statutory defense would be to work an unjust and unconscionable loss upon plaintiffs. (*Mason* v. *Home Ins. Co.*, 10 Cal.App.2d 696, 698 [52 P.2d 491].) Here there is no showing whatsoever of any changed position on the part of plaintiffs because of reliance upon the acts of defendants.

It must be noted, however, that the court in finding number 5 found that on January 10, 1954, the defendants vacated the land and notified the plaintiffs that they were leaving. The undisputed evidence in this regard is shown by the letter dated January 11 addressed to the plaintiff David Kingston and signed by the defendant Harold Colburn, wherein the plaintiffs were informed that defendants had moved from the property as of January 9. ■ Since one who enters into possession of premises under a lease which is void or defective under the statute of frauds, such as in this case where the entry was under a lease for a term of years at a monthly rental, and pays rent under the contract for a time, he thereby becomes a tenant from month to month. (*Psihozios* v. *Humberg*, 80 Cal.App.2d 215, 220 [181 P.2d 699].) ■ As a tenant from month to month under the provisions of section 1946 of the Civil Code, defendants could terminate their tenancy ''by giving at least 30 days' written notice thereof at any time and the rent shall be due and payable to and including the date of termination.'' ■ Necessarily therefore the notice of January 11 was insufficient and not in compliance with the statute so as to terminate the tenancy on January 10, but that is not to say it would not have been effective as of February 10.

The judgment is reversed and the cause is remanded to the trial court with instructions to enter judgment in favor of plaintiffs in the sum of $125. Both parties are to bear their own costs.

Van Dyke, P. J., and Schottky, J., concurred.