[Civ. No. 23021. Second Dist., Div. One. Nov. 20, 1958.]

GUY K. HARRISON et al., Appellants, v. A. E. HANSON, Respondent.

Enger & Yardum and Douglas L. Glaser for Appellants.

Edward M. Raskin, Ted T. Ware and Ralph H. Winkler for Respondent.

Horrigan & McKnight as Amici Curiae on behalf of Respondent.

LILLIE, J.—To plaintiffs' fifth amended complaint in their action for specific performance of a contract for sale of real property or for damages, defendant interposed a demurrer. From the judgment of dismissal following the order sustaining the demurrer without leave to amend, plaintiffs appeal.

The instant action was commenced on September 14, 1956, with the filing of plaintiffs' original complaint for specific performance of a purported written agreement dated August 9, 1956, between defendant and plaintiff, Harrison, to sell several parcels of real estate on terms "to be mutually agreed

upon''; and, in the alternative, for damages for its alleged breach. Joined as other defendants were certain persons for whom defendant Hanson purportedly acted as an *alter ego*. A demurrer thereto upon general and special grounds, including the bar of the statute of frauds, was sustained with leave to amend.

Plaintiffs thereafter filed a first amended complaint for specific performance of the contract of August 9, 1956, alleging in the first cause of action an oral modification of the terms and conditions of sale and the subsequent reduction thereof to written form on September 12, 1956 (although apparently not executed by the defendant). In the second cause of action plaintiffs prayed for damages in the alternative. A demurrer thereto raising the same general and special grounds was again sustained with leave to amend.

Plaintiffs' second amended complaint likewise contained two causes of action but was directed solely against defendant Hanson, respondent herein; otherwise it appears to duplicate generally the first amended complaint save for the inclusion as exhibits of certain option agreements, drafted but unexecuted by the prospective vendor defendant, and the allegation of an assignment of a one-half interest by plaintiff Harrison to plaintiff Driver. The pleading concluded with an alternative cause of action for damages. Again a demurrer was sustained with leave to amend.

The third amended complaint was filed on the same purported written contract of August 9, 1956, in which plaintiffs added an allegation that possession of the premises was turned over by defendant to the plaintiffs, as owners, on August 25, 1956, and that they thereafter expended $500 on plans for the property's development. The alleged option agreements, all unexecuted by defendant and unexercisable until 1957, were annexed as exhibits as was another document captioned ''Indemnity Agreement'' signed only by the plaintiffs. The demand for damages was reiterated in the second cause of action. A demurrer to this complaint was sustained with leave to amend.

We come now to the fourth amended complaint which appears to be a verbatim predecessor of the fifth and final amended complaint which followed except for the omission of certain exhibits. This fourth pleading purported to state four causes of action.

Seeking specific performance in the first cause of action, plaintiffs alleged that on August 12, 1956, defendant orally

agreed to sell to plaintiff Harrison four parcels of real property on certain terms and conditions which included the price per acre, a down payment of $5,000 with the balance payable upon defendant's demand following delivery of title, the first parcel to be conveyed in January of 1957 and conveyances of the remaining parcels to be deferred at defendant's option for a period not to exceed 10 years, although possession of all four parcels would be delivered in or before January of 1957. They further alleged that partial performance followed with the payment of $5,000 to defendant on August 14, 1956, and his acceptance thereof; that there was further partial performance consisting of an oral reaffirmance on August 20, 1956, by defendant to both plaintiffs (Driver having been assigned a one-half interest by Harrison), the delivery of possession by defendant on August 25, 1956, plaintiffs' entry upon the premises, a subsequent expenditure of $500 for planning its development, the payment to defendant and his acceptance on September 11, 1956, of an additional $5,000 to apply on the total purchase price, and defendant's notice to plaintiffs on September 12, 1956, that he had elected to convey title to the last three parcels in January of 1958, January of 1959, and October of 1959, respectively; and that on or about September 13, 1956, defendant repudiated the agreement without just cause although the total consideration was fair and reasonable.

The second cause of action, also for specific performance, alleged that defendant and plaintiff Harrison entered into a written contract on August 9, 1956, whereby defendant agreed to sell, and Harrison agreed to buy, certain real property more particularly described in an unannexed exhibit (presumably the same parcels covered by the purported oral contract in the first cause of action); that on August 12, 1956, on which date plaintiff Driver was assigned a one-half interest in the property, defendant and Harrison orally agreed on the "terms and conditions for the conveyance" and in that regard the several matters mentioned in the first cause of action were incorporated by reference. There follows an allegation as to the taking of possession of the property and the expenditure of $500 on plans for its development. It is then averred that an additional $5,000 was paid to respondent on September 11, 1956, that on said date defendant reduced to writing certain terms and conditions involving the dates, manner of conveying the four parcels and the amounts payable for each unit; and that on that date, defendant personally delivered

said written instrument to plaintiffs who signed it and returned the same to defendant. It is finally alleged that the purchase price was fair and reasonable and that defendant repudiated the agreement without just cause.

In the third cause of action plaintiffs realleged the matters contained in the first and prayed for damages for breach of the oral contract should specific performance not be decreed.

The fourth reiterated the allegations contained in the second cause of action and sought damages for breach of the purported written agreement in lieu of specific performance.

A demurrer to the fourth amended complaint was interposed and sustained. Plaintiffs then filed their fifth amended complaint which, as heretofore noted, appears to be an exact duplicate of its immediate predecessor save and except for the inclusion of the exhibits descriptive of the property and the written agreement for sale. A general and special demurrer, including the bar of the statute of frauds (Civ. Code, §§ 1624 [subds. 4, 5], 1698), was sustained without leave to amend, the order being general in its terms. It is from the judgment of dismissal after the order sustaining the demurrer without leave to amend plaintiffs appeal.

Appellants contend that the only issue for the determination of the reviewing court is the sufficiency of the fifth amended complaint, arguing that each count thereof states a cause of action and that the trial court erred in sustaining the demurrer if the complaint alleged matters for which any relief may be granted.

In this latter connection, we note that the order sustaining the demurrer is general in its terms and does not indicate the grounds upon which the court acted. If the demurrer is well taken as to any of the grounds stated therein then the order must be affirmed by the reviewing court. (*Moxley* v. *Title Ins. & Trust Co.*, 27 Cal.2d 457 [165 P.2d 15, 163 A.L.R. 838]; *Haddad* v. *McDowell*, 213 Cal. 690 [3 P.2d 550].)

Respondent claims in substance that the pleading is incapable of amendment for the reason that the purported causes of action are barred by the statute of frauds; were prematurely filed, and that they failed to allege the essential elements necessary for the relief demanded.

It is, of course, true as argued by appellants that on an appeal of this nature all factual allegations of the complaint must be assumed to be true. However such issuable facts must be well pleaded, legally provable and not incon-

sistent with other allegations. (*Katenkamp* v. *Union Realty Co.*, 6 Cal.2d 765, 769 [59 P.2d 473].)

It is also true that, where a demurrer has been sustained without leave to amend, the reviewing court should reverse only where there is manifest an abuse of discretion in refusing leave to amend. The burden of showing such abuse of discretion rests with appellant. (*Broadway Fed. etc. Loan Assn.* v. *Howard*, 133 Cal.App.2d 382, 401 [285 P.2d 61].)

The first cause of action of the fifth amended pleading sought specific performance of an oral contract for the sale of real property. Being clearly within the statute of frauds (Civ. Code, § 1624, subd. 4) such an agreement could be taken out of the statute and enforced in equity only by reason of part performance thereof. (*Davis* v. *Judson*, 159 Cal. 121, 131 [113 P. 147].) The payment of money, which formed the consideration of an oral agreement, even the full amount agreed upon, would not justify the relief sought (*Shive* v. *Barrow*, 88 Cal.App.2d 838, 848 [199 P.2d 693]), hence additional facts must be alleged which establish a sufficient change in the plaintiffs' position that the application of the statutory bar would result in an unjust and unconscionable loss. (*Mason* v. *Home Ins. Co.*, 10 Cal.App.2d 696 [52 P.2d 491]; *Anderson* v. *Stansbury*, 38 Cal.2d 707 [242 P.2d 305].) This might have been accomplished by the vendee's taking possession in reliance on the oral agreement (*Halloran* v. *Isaacson*, 95 Cal.App.2d 357, 367 [213 P.2d 19]), the subsequent making of valuable improvements (*Laughton* v. *McDonald*, 61 Cal.App. 678, 681 [215 P. 707]), or other acts unequivocally referable to the verbal agreement (*Baker* v. *Bouchard*, 122 Cal.App. 708, 711 [10 P.2d 468]). Stated otherwise the possession should be so actual, visible, notorious and exclusive that it furnishes evidence of the agreement between the parties as good as a writing. (*Hambey* v. *Wise*, 181 Cal. 286, 290 [184 P. 9]; *Davis* v. *Judson*, 159 Cal. 121 [113 P. 147].)

Viewing the allegations in a light most favorable to the plaintiffs we, nevertheless, are of the opinion that the pleading fails to allege sufficient part performance during the five-week period involved to take the contract out of the statute of frauds. The allegation of plaintiffs' possession is limited to the assertion that real estate consultants were employed to plan the development of the property, which type of occupancy at most seems "a mere technical possession, not open to the observation of the neighborhood, and capable of being

proved only by select and confidential witnesses." (*Hambey* v. *Wise, supra,* at page 290.) The alleged improvement represents an expenditure of $500, but "(S)light and temporary improvements, or trivial outlays . . . do not raise an equity in the donee," (*Burris* v. *Landers,* 114 Cal. 310, at page 315 [46 P. 162]), particularly when it is claimed that the parcels were worth at least $1,811 per acre.

Additionally, the pleading is silent concerning the "exclusive" nature of plaintiffs' possession. In fact, plaintiffs affirmatively allege in their fifth amended complaint that defendant was at all times seized of the premises. Nor does it appear that the taking of possession on August 25, 1956, was "unequivocally" pursuant to the alleged contract between the parties unless we are limited to the allegations in the last amended complaint which sets up an oral agreement permitting delivery as new owners in or before January of 1957. Such an assertion, of course, is wholly inconsistent with allegations in the second and third amended complaints which refer to certain oral option agreements, copies of which were incorporated by reference, all unexercisable before January of 1957. The rule applicable to a situation of this kind was recently restated in *Tostevin* v. *Douglas,* 160 Cal.App.2d 321, 327 [325 P.2d 130], that a pleader "should not be allowed to breathe life into a complaint by omitting facts previously alleged in a verified pleading, which made it fatally defective." And again at page 327: "It is well settled that facts once alleged under oath cannot be withdrawn from consideration by merely filing an amended pleading eliminating them without explanation." (*Owens* v. *Traverso,* 125 Cal. App.2d 803 [271 P.2d 164]; *Neal* v. *Bank of America,* 93 Cal. App.2d 678 [209 P.2d 825].) The option agreements already referred to, albeit unexecuted by defendant, appear to be more specific and at least were reduced to written form; hence, their appearance in previous pleadings precludes further consideration of additional allegations in the last amended complaint purporting to establish part performance but inconsistent with or contradictory of past averments with respect thereto. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 328 [253 P.2d 659].)

This conclusion might well make it unnecessary to elaborate on the question of defendant's estoppel to plead the bar of the statute of frauds as well as the adequacy of the consideration involved, both of which matters are discussed in respond-

ent's brief although not touched upon by appellants. ▮ Suffice to state, the matters warranting application of the doctrine of estoppel must be pleaded and "they must have a strong appeal to the court's sense of justice." (*Augustine* v. *Trucco*, 124 Cal.App.2d 229, 241 [268 P.2d 780].) We do not feel that plaintiffs have here met this requirement.

▮ Finally, examination of the several amended complaints successively filed discloses numerous changes, variations and omissions which point to the conclusion that the pleaders were more intent on some theory of recovery than the allegation of the facts as they really existed. These variations and omissions are, of course, quite serious because of the involvement of the statute of frauds. Since no attempt was made in the final amended complaint to state new facts or to explain any variations previously occurring and since it must be presumed that plaintiffs have stated their case as favorably to themselves as possible (*Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750, 752 [195 P.2d 492]), there appears to have been no abuse of discretion in refusing to permit an amendment of the first cause of action.

▮ The second cause of action in the last amended complaint prayed for specific enforcement of the written agreement of August 9, 1956. This agreement, signed by both defendant and plaintiff Harrison, offered the property for sale on "terms and conditions to be mutually agreed upon." In its present incomplete form and in the absence of some showing that the parties thereafter agreed upon terms to their mutual satisfaction, there obviously was never an agreement of purchase and sale capable of specific enforcement. (*Pascoe* v. *Morrison*, 219 Cal. 54, 56 [25 P.2d 9].) This deficiency plaintiffs sought to correct by their averment of an executed oral agreement subsequent to August 9, 1956, and its reduction thereof, still later, to written form. Examination of the allegations in support of the "executed oral agreement" discloses several provisions wholly executory in character; namely, the opening of an escrow and the payment of the balance under the contract as well as the dates for delivery of title to the various parcels; indeed, a complete performance of the agreement by defendant would require more than three years. Since an oral contract cannot alter a written contract unless the former has been fully executed (*Walther* v. *Occidental Life Ins. Co.*, 40 Cal.App.2d 160, 165 [104 P.2d 551]; *California Securities Co.* v. *Grosse*, 3 Cal.2d 732 [46 P.2d 170]; *Harloe* v. *Lambie*, 132 Cal. 133 [64 P. 88]), the

provisions of section 1698, Civil Code, do not lend aid to plaintiffs' position. As to the purported reduction of the oral agreement to written form, the complaint is silent with respect to its execution by defendant. It is alleged only that at the time in question defendant drafted the terms and conditions, presented the instruments to plaintiffs for their signatures and that plaintiffs "did sign and accept said written terms and conditions on said 12th day of September" and returned the same to defendant. There is no question but that the bar of section 1698, Civil Code, controls because "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise."

 The third and fourth causes of action pray for damages by way of breach of the purported oral and written agreements set forth in the first and second causes of action, respectively. Damages are said to flow from defendant's repudiation of the asserted agreements to sell and it is alleged that the reasonable value of the real property at the time of the breach was $2,900 per acre. Having heretofore concluded that there was no valid agreement for the sale of the premises in question there can be no damages for the breach thereof. (*Vasik* v. *Speese*, 26 Cal.App. 129, 130 [149 P. 61].) The doctrine of unjust enrichment and that of equitable estoppel are not here involved as they are only applicable where the suit is one in equity. (*Dondero* v. *Aparicio*, 63 Cal.App. 373, 377 [218 P. 608]; *Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561, 565-566 [71 P.2d 817].)

There being neither equitable nor legal basis for plaintiffs' claims, and plaintiffs having amended their complaint on five separate occasions, we find in the record no abuse of discretion on the part of the trial court in sustaining the demurrer without leave to amend.

For the foregoing reasons, the judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 14, 1959.