[Sac. No. 2581. In Bank.—January 24, 1917.]

HARRY J. GRAY, Respondent, v. E. J. COTTON et al., Defendants; H. D. ROWE, Appellant.

APPEAL—ORDER DENYING NEW TRIAL.—Since the amendment of 1915 to section 963 of the Code of Civil Procedure, no appeal lies from an order denying a motion for new trial.

ID.—JUDGMENT AGAINST SURETY ON STAY BOND—MOTION FOR JUDGMENT —ONLY QUESTION OF LAW INVOLVED.—A judgment against a surety on an undertaking given in pursuance of section 942 of the Code of Civil Procedure for the stay of execution upon an appeal from a money judgment, entered on motion of the respondent after the affirmance of the judgment appealed from, only involves the decision of the question of law, whether or not, upon the records and files in the case, the respondent is entitled to the judgment against the surety.

ID.—NEW TRIAL OF PROCEEDING AGAINST SURETY NOT ALLOWED.—The surety is not entitled to a new trial of the proceeding by which the judgment against him was given, and the pendency of his attempted motion therefor did not extend the time for taking an appeal from the judgment against him beyond the sixty days allowed by section 939 of the Code of Civil Procedure.

ID.—NEW TRIALS NOT APPLICABLE TO MOTIONS.—The provisions of the Code of Civil Procedure authorizing new trials, refers to the trials and decisions of the issues of fact in civil actions and proceedings, raised by ordinary pleadings, and has no reference to decisions of questions of fact on motions. A new trial does not lie to secure the re-examination of the decision of a motion.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Ostrander, Clark & Carey, for Appellant.

Butler & Swisler, for Respondent.

SHAW, J.—In this case on May 8, 1916, judgment was entered, on motion of the plaintiff, against H. D. Rowe as surety in an undertaking given by him on behalf of the defendants for the stay of execution upon an appeal taken by said defendants from a judgment against them for $7,443.70, made up of several items set forth in separate counts of the complaint. That appeal was successful only with respect to the first count. As to that item the judgment was reversed. As to the other items it was, in effect, affirmed, and the cause was remanded with directions to the court below to enter judgment therefor against the defendants in favor of the plaintiff. (*Gray* v. *Cotton,* 166 Cal. 130, [134 Pac. 1145].)

Upon the entry of this judgment against him on the motion as aforesaid, Rowe filed a notice of intention to move for a new trial of the motion. This proceeding was decided by the court below on July 29, 1916, the court denying said motion. Rowe filed notices of appeal both from the judgment and from the order denying his motion for a new trial. The respondent now moves to dismiss both appeals.

1. The amendment of 1915 to section 963 of the Code of Civil Procedure [Stats. 1915, p. 209], does not allow an appeal from an order denying a motion for new trial. So far as that appeal is concerned it is immaterial whether a motion for new trial would lie in the case of such a judgment or not. The appeal is unauthorized and must be dismissed.

2. The notice of appeal from the judgment was filed on August 4, 1916, more than sixty days after the entry of the judgment. It was too late unless it is saved by the clauses allowing an appeal to be taken within thirty days after the termination in the trial court of proceedings on motion for new trial. (Secs. 939 and 941b.) If the court below had power to grant a new trial of the proceeding by which the judgment against Rowe was given, the appeal from the judgment would be in time.

Under section 942 of the Code of Civil Procedure an undertaking for the stay of execution upon an appeal from a money

judgment must stipulate that if the judgment appealed from, or any part thereof, be affirmed, and the appellant fails to make payment thereof within thirty days after the filing of the *remittitur* in the court below, "judgment may be entered on motion of the respondent in his favor against the sureties for such amount." The undertaking executed by Rowe contained this stipulation. The judgment in question was entered on motion as provided in said section and in said undertaking.

By signing the undertaking on appeal the surety, Rowe, consented that judgment should be entered against him on motion for the amount as to which the judgment appealed from should be affirmed, and waived notice thereof. No notice to him of the making of the motion was necessary. (*Meredith* v. *Santa Clara Mining Assn.*, 60 Cal. 621; *Mowry* v. *Heney*, 86 Cal. 471, 477, [25 Pac. 17]; *Levy* v. *Magnolia Lodge*, 110 Cal. 297, 309, [42 Pac. 887]; *Hawley* v. *Gray Bros. etc. Co.*, 127 Cal. 560, [60 Pac. 437].) The records and files in the case were before the court for the purposes of the motion. Formal introduction thereof in evidence was unnecessary. The court had to decide, and in this case did in fact decide, only the question of law, whether or not, upon the facts appearing in these documents, the plaintiff was entitled to the judgment against the surety. (*Meredith* v. *Santa Clara Mining Assn.*, 60 Cal. 621.)

The provisions of the code allowing a new trial to be ordered (Code Civ. Proc., secs. 656–660) follow immediately the provisions for the framing of issues, the trial and the decision of civil actions. "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (Sec. 656.) This refers, of course, to the trials and decisions of the issues of fact in the civil actions and proceedings embraced in the preceding code provisions, issues raised by ordinary pleadings, and it has no reference to decisions of questions of fact on motions. It is well settled that proceedings for new trial do not lie to secure the re-examination of the decision of a motion. (*Harper* v. *Hildreth*, 99 Cal. 265, 270, [33 Pac. 1103]; *Doyle* v. *Republican Life Ins. Co.*, 125 Cal. 15, [57 Pac. 667]; *Estate of Heywood*, 154 Cal. 312, [97 Pac. 825].)

It follows that the attempt to obtain a new trial was unauthorized, and that the pendency and decision thereof did

not extend the time for taking the appeal beyond the sixty days allowed where no motion for a new trial is instituted.

The appeals are dismissed.

Henshaw, J., Sloss, J., Lorigan, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.