[Civ. No. 3005. First Appellate District, Division One.—August 20, 1919.]

J. M. ANDERSON, Appellant, v. J. R. ADLER et al., Respondents.

[1] APPEAL—ORDER DENYING NEW TRIAL NOT APPEALABLE.—Since the amendment of 1915 to section 963 of the Code of Civil Procedure, an appeal from an order denying a motion for a new trial is unauthorized, and must be dismissed.

[2] LEASE—MODIFICATION BY EXECUTED ORAL AGREEMENT—FINDINGS —EVIDENCE.—In this action to foreclose a chattel mortgage given to secure the payment of the term rent, and installments, to become due under a lease of a certain hotel, the evidence, though conflicting, was sufficient to justify the finding of the trial court as to the existence of an executed oral contract modifying the terms of the original lease.

[3] CONTRACTS—ALTERATION OF WRITTEN AGREEMENT.—A contract in writing may be altered by a contract in writing, or by an oral agreement the terms of which have been fully performed.

[4] ID.—NECESSITY FOR CONSIDERATION — WHAT CONSTITUTES.—An agreement adding to the terms of an existing agreement between the same parties, and by which new and onerous terms are imposed upon one of the parties without any compensating advantage, requires consideration to support it, but this may consist either in a new consideration or in some favorable modification of the original contract.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wright, Winnek & McKee for Appellant.

A. J. Morganstern for Respondents.

WASTE, P. J.—Plaintiff brought this action to foreclose a chattel mortgage, given to secure the payment of the

---

3. Effect of statute of frauds upon the right to modify, by subsequent parol agreement, a written contract required by the statute to be in writing, note, L. R. A. 1917B, 144.

term rent, and installments, to become due under a lease of a hotel building in San Diego, alleging the sum of thirteen thousand five hundred dollars to be due and unpaid on account of such rents. The trial court found that the terms of the original lease, as to the amount of the rent therein reserved, had been modified by an executed oral agreement, and entered its decree and judgment in favor of plaintiff foreclosing the mortgage for the sum of $3,333.35, with interest, attorney's fees, and costs.

Upon the entry of this judgment, plaintiff filed a notice of intention to move for a new trial. This proceeding was decided by the court below on June 19, 1916, the court denying said motion. Plaintiff filed notice of appeal, both from the judgment and from the order denying his motion for a new trial.

[1] The amendment of 1915 to section 963 of the Code of Civil Procedure (Stats. 1915, p. 209) does not allow an appeal from an order denying a motion for new trial. So far as that appeal is concerned, it is unauthorized and must be and is dismissed. (*Gray* v. *Cotton,* 174 Cal. 256, [162 Pac. 1019].)

Appellant's contention on appeal is that the court erred, in law and fact, in finding, as it did, that defendants were excused from full performance of the terms of the lease in question by reason of an executed oral agreement materially changing the terms of the original contract.

The lease was for a period of ten years, at a term rental of one hundred and fifty thousand dollars, payable in monthly installments of $1,250. The building was to contain approximately one hundred rooms, with suitable and sufficient halls, light courts, and light rooms, and a lobby, or entrance, to said building. As part of the consideration for the making of the lease, the lessees were to furnish and equip the building for hotel purposes, and were to give a chattel mortgage, upon the furnishings and equipment, to the amount of ten thousand dollars, as security for the term rent, installments of rent, and performance of the other conditions of the lease.

The alleged oral modification may be summarized as follows: Instead of a building containing approximately one hundred rooms, the lessor provided one containing only eighty-eight rooms. When the lessees discovered this dis-

crepancy they refused to go on with the lease, furnish the building, or pay the rent reserved. The lessor then agreed to waive that portion of the lease providing rentals, and agreed with the lessees that if they were unable to pay the rent reserved, the lessor would meet the conditions and would waive the clause, or provision, of the lease relating to the payment of rent, and would accept as rental, under such conditions, such a sum of money from time to time as defendants could pay out of the proceeds of the business, and that he would demand only such rental as would enable defendants to make a profit out of the business.

Pursuant to this agreement, so the trial court found, the deal was consummated and the lessees entered into the occupancy and possession of the building, equipped and operated a first-class hotel. They kept the operating expenses as low as possible, and for a number of months paid plaintiff whatever balance remained on hand for receipts, after paying said expenses of operation and cost of keeping up the equipment. The plaintiff received and accepted said balances as and in full satisfaction of all rentals due from defendants from February, 1914, to and including the twenty-fourth day of September, 1914.

Upon these findings the court based its conclusion and judgment that the defendants had paid the rent of the premises for the months of February to September 24, 1914, and gave judgment for the plaintiff for the amount due by way of rent from the last-named date to December 15, 1914, at which time plaintiff re-entered the premises. It is conceded that the rent was not paid according to the terms of the lease, and that but for the alleged modification of the lease and chattel mortgage the rent for the months just specified was not paid.

[2]  The findings of the trial court, which we have just briefly summarized, indicate that there was an executed oral modification of the written agreement of lease, and so far as this contention is concerned, it only remains to determine whether or not the evidence supports the findings. Without stating the testimony, we are of the opinion that it does. While the testimony of the plaintiff tends to strongly negative the evidence on the part of the defendants bearing on the alleged oral modification of the lease, in another sense

it gives color and support to defendants' claim. He admits the giving of rebates on the rent for a period of months, and for the period from February to September, in the year 1914, accepted and credited as rent many small sums, in explanation of which fact he testified he had agreed that when defendants collected the money they would turn it in in weekly payments, instead of paying in advance at the first of the month. But, whatever conflict may have arisen in the evidence, and the credibility to be given to the respective parties and their witnesses, was for the trial court to determine.

[3] "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." (Civ. Code, sec. 1698.) An executed agreement is one the terms of which have been fully performed. (*Henehan* v. *Hart*, 127 Cal. 656, 657, [60 Pac. 426].)

When, therefore, the trial court, on sufficient evidence, found the existence of an executed oral contract modifying the terms of the original lease as to the rent, and further found that it had been fully performed, it finally settled the issues of this case. The cases cited by appellant on this subject deal with *executory* and not *executed* contracts.

[4] There can be no doubt of the principle, contended for by the appellant, that an agreement adding to the terms of an existing agreement between the same parties, and by which new and onerous terms are imposed, upon one of the parties, without any compensating advantage, requires consideration to support it. But this, of course, may consist either in a new consideration, or in some favorable modification of the original contract. (*Main Street etc. Co.* v. *Los Angeles Traction Co.*, 129 Cal. 301, 305, [61 Pac. 937].) The evidence in this case, on which the court based its findings, shows that the oral agreement which became executed was, by both parties to the lease, regarded as a most favorable modification of the original contract, by the lessor much more preferable than having an empty hotel on his hands, and by the lessees as affording them an opportunity to make a profit out of the venture.

There is nothing in the contention of appellant that the executed oral agreement, proved in this case, for the purpose of altering the previously written lease, does not require

to be done, or suffer, something not required to be done, or suffered, by the terms of the writing.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 16, 1919.

All the Justices concurred.