[Civ. No. 3972. Second Appellate District, Division One.—November 14, 1922.]

JOSEPH J. MILES, Respondent, v. A. F. BYBEE et al., Defendants; C. M. ZADOW, Appellant.

[1] PLEADING—FAILURE OF ORIGINAL CAUSE OF ACTION—SUPPLEMENTAL COMPLAINT—RECOVERY UPON NEW CAUSE OF ACTION.—Where the plaintiff is not entitled to recover anything upon his original cause of action to enforce rescission of a contract, a judgment in his favor against one not a party to the original cause of action, the latter having been substituted as the principal defendant on a new cause of action arising out of a contract made between him and plaintiff after the commencement of the action, must be reversed.

Whether an original petition or complaint which states no cause of action can be aided by supplemental pleading, note, L. R. A. 1916D, 676.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Reversed.

The facts are stated in the opinion of the court.

N. B. Nelson for Appellant.

Humphrey Marshall for Respondent.

CONREY, P. J.—This action was commenced by complaint filed December 21, 1920, to enforce rescission of a contract entered into on the thirteenth day of December, 1920, between the plaintiff and the defendant Bybee, whereby plaintiff agreed to purchase from Bybee a certain restaurant property in the city of Los Angeles. It was alleged that defendants Zadow and Roddle were doing business under the name of Title Guarantee Sales Company, and that, upon entering into said contract, the plaintiff paid over to Zadow and Roddle, as escrow holders, the sum of seven hundred dollars to be delivered by them to Bybee "after all bills are paid and title shows clear." It was alleged that in making said purchase the plaintiff relied upon certain false representations made by the vendor, and that upon discovery that these representations were false, the plaintiff gave notice of rescission and demanded the return of said sum of money paid by him as part of the purchase price, and that defendants had failed and refused to make such repayment.

In a second cause of action these same facts were alleged, together with a further allegation that on the date of the contract "the defendants received from the plaintiffs the sum of $700.00 for the use of the plaintiff."

The case came on for trial in May, 1921. The court made findings that the representations made by defendant Bybee were true, and that the plaintiff was entitled to take nothing from the defendants Bybee or Roddle, but rendered a judgment against Zadow in the sum of six hundred dollars. From this judgment Zadow appeals.

The result at which the court thus arrived is explained as follows: At the trial it was shown in evidence that the restaurant property was held in possession by defendant

Bybee under a lease contract from defendant Zadow, under which, upon the completion of certain payments, Zadow agreed to convey the property to Bybee; that after the plaintiff had given his notice of rescission, to wit, about the first of January, which was at least ten days after the commencement of this action, the plaintiff delivered the key of the restaurant premises to Zadow under an arrangement whereby Zadow was to sell the property and out of the proceeds repay to the plaintiff the money which he had paid for the restaurant; that on or about April 20, 1921, Zadow made a sale, and received from the purchaser the sum of six hundred dollars, together with a note for seven hundred dollars. In view of these facts, the court, at the time of its decision, permitted the plaintiff to file "an amended and supplemental complaint," "to conform to the proof," in which these subsequent transactions were set forth. Thereupon the court made its findings in which, after making certain allowances to Zadow, arising out of circumstances which we find it unnecessary to discuss, it determined that the plaintiff was entitled to judgment against Zadow for said sum of six hundred dollars.

[1] From the foregoing it is manifest that, although the plaintiff was not entitled to recover anything upon his original cause of action, he obtained judgment against Zadow by substituting him as the principal defendant on a new cause of action arising out of a contract made between him and the plaintiff after the commencement of this action. This is a totally different cause of action from that upon which the case went to trial. Appellant had objected to the evidence of these subsequent transactions, and certainly did not consent to the substitution of a new or supplemental cause of action.

Without discussing other questions, it is clear that the judgment must be reversed because it is based upon matters of complaint which, if related at all to the original action, are supplemental to a cause of action which has failed. "Furthermore, since a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed." (*Imperial Land Co.*

v. *Imperial Irr. Dist.,* 173 Cal. 668, 673 [161 Pac. 116, 119].)

The judgment is reversed.

Shaw, J., and James, J., concurred.