[Civ. No. S. C. 36.   Second Appellate District, Division One.—February 8, 1937.]

J. BURT COUGHRAN et al., Respondents, v. FIRST NATIONAL BANK OF BALDWIN PARK (a National Banking Association), Defendant; J. V. HOGAN, as Receiver, etc., Appellant.

Benjamin Chipkin for Appellant.

Newton M. Todd and Fred A. Watkins for Respondents.

DESMOND, J., *pro tem.*—In this case the receiver of the First National Bank of Baldwin Park appeals from a judgment entered in an action which plaintiffs brought to quiet title to certain real estate in Long Beach. The grounds of appeal are that the judgment is not supported by the evidence, and further, that it is based upon vitally conflicting findings, and therefore cannot stand. Said receiver also appeals from the order denying motion for new trial.

The receiver's predecessor in office, one F. W. Heathcote had secured two judgments against one Charles W. Coughran, had recorded abstracts thereof in the recorder's office of Los Angeles County, and had levied an attachment, in behalf of the insolvent bank which he represented, against all right, title and interest of Charles W. Coughran in the real property in question. This attachment was not released, nor was a levy of execution made. In order to clear the property of the cloud created by this action on the part of the bank receiver, the suit to quiet title was brought by two brothers and a sister of Charles W. Coughran, who had received on April 22, 1933, a grant deed to the real estate in question. This deed was signed by Martha I. Coughran and Charles E. Coughran, husband and wife, and passed title to their three children, J. Burt Coughran, Lulu B. Clewett and D. Douglas Coughran, as joint tenants. Simultaneously with the execution of the deed, a declaration of trust was signed by the children as trustees, acknowledging that the real estate was held by them in trust for the purposes mentioned in the instrument. The parents joined in the declaration of trust, agreeing that it fully set out the terms and trusts under and upon which the property therein described should be held, managed and disposed of.

By the terms of the trust, the income derived from the *res* was to be paid to Martha I. Coughran during her lifetime, reasonable provision being made after her death for her husband, if he should survive her. The remainder of the net income during the lifetime of the surviving husband and, after his death, all the net income from the property, was to be paid regularly each month as follows: one-fifth to J. Burt

Coughran during his lifetime or until the termination of the trust, if terminated prior to his death; one-fifth each to Lulu B. Clewett and D. Douglas Coughran under similar conditions; one-fifth to the guardian of Mary Lena Coughran, and the remaining ''one-fifth (1/5) of said net income to J. Burt Coughran and to D. Douglas Coughran, as joint tenants, and to the survivor of them. In the event of the death of both the said J. Burt Coughran and D. Douglas Coughran, before the termination of this trust, said one-fifth (1/5) of said net income shall be paid to Charles W. Coughran as long as he may live or until the termination of this trust, if terminated prior to his death. In the case of the death of all said three persons, to-wit: J. Burt Coughran, D. Douglas Coughran and Charles W. Coughran before the termination of this trust, said one-fifth (1/5) of said net income shall be paid to the heirs-at-law of the said Charles W. Coughran in the proportions to which they are entitled to inherit his separate estate''.

The foregoing quotation is a reproduction of subdivision 4 of subparagraph 2 of paragraph III of the declaration of trust. As to the other four shares in income of one-fifth each, alternative dispositions, in the event of the death of the beneficiaries originally named, were provided by the declaration of trust, but they in no way concern Charles W. Coughran; the only interest that he could have taken under this trust is that specified in said subdivision 4.

The declaration also provided that upon termination of the trust all the property thereof should be apportioned and distributed in one-fifth shares to the same beneficiaries named to take the income, with similar alternative dispositions to become effective upon the death, before termination of the trust, of the named beneficiaries.

By paragraph IV a spendthrift clause was inserted in the declaration, as follows:

''Each and every beneficiary under this Declaration of Trust is hereby restrained from anticipating, encumbering, alienating or in any other manner assigning his or her interest or estate in either principal or income and is without power so to do. Nor shall such interest or estate, or income therefrom, be subject to his or her liabilities or obligations or to judgment or other legal process, bankruptcy proceedings or claims of creditors or others. All income and/or principal

shall be payable and deliverable, only, to the respective beneficiaries entitled thereto under the terms and provisions hereof."

■ Since Martha I. Coughran is a beneficiary under the trust and by this clause the interest of each beneficiary is protected from assignment or attachment, it is contended, under the authority of *McColgan* v. *Magee, Inc.*, 172 Cal. 182 [155 Pac. 995, Ann. Cas. 1917D, 1050], that the spendthrift clause is invalid. As to Martha I. Coughran undoubtedly such a clause would not serve to bar her creditors from enforcing their claims, but she is now deceased, as is the other trustor, her husband. No authority is cited to indicate that as to the children or other beneficiaries named in the trust the spendthrift provision is not fully effective. We believe it is. ■ The finding of the trial court, "That said Charles W. Coughran never has had and does not now have any right, title or interest in or to said real property, except as a possible beneficiary under the terms of said declaration of trust," is correct; and since one of the terms of the declaration of trust renders all beneficial interests thereunder, both as to income and principal, immune from attack by reason of judgments or other legal process, we believe the judgment herein should be affirmed. (See *Seymour* v. *McAvoy*, 121 Cal. 438 [53 Pac. 946, 41 L. R. A. 544], a case where a spendthrift trust, though not created by express terms, was recognized as valid, both as to income and a contingent remainder in fee; *McColgan* v. *Magee, Inc.*, 172 Cal. 182, 186 [155 Pac. 995, Ann. Cas. 1917D, 1050]; *Canfield* v. *Security-First Nat. Bank*, 8 Cal. App. (2d) 277 [48 Pac. (2d) 133]; 23 Cal. Jur. 519.)

■ In view of the above-quoted finding and the application of the law to a case where a contingent equitable interest is protected from the attack of creditors by the terms of a spendthrift trust, as here, we do not consider that a material variance or inconsistency arose from the further finding, "that the said Charles W. Coughran did not at any time have any right, title or interest in or to the real property described in plaintiff's complaint, or any portion thereof".

The judgment is affirmed. ■ The appeal from the order denying motion for new trial, not being authorized in cases of this character (*Gray* v. *Cotton*, 174 Cal. 256 [162 Pac.

1019]; *Anderson* v. *Adler*, 42 Cal. App. 776 [184 Pac. 42]), is ordered dismissed.

Houser, P. J., and York, J., concurred.