[Civ. No. 12956. Second Appellate District, Division One.— March 4, 1941.]

In the Matter of the Estate of C. O. FRAZER, Deceased. EDWIN F. FRAZER, as Administrator, etc., et al., Appellants, v. ALICE A. TRACY, Respondent.

Charles M. Johnson for Appellants.

Lucile Conrey for Respondent.

DESMOND, J., *pro tem.*—This is an appeal from a decree, entered upon the settling of a final account, by which the probate court distributed to respondent all property remaining in decedent's estate. It is filed by two brothers, Jacob M. and Edwin M. Frazer, the only heirs at law of the decedent, C. O. Frazer, also known as Charles O. Frazer. Two days before his death, Charles had signed his will in the presence of his brothers, in the following form:

"To whoever it may concern I hereby Thursday Sep 11 1937 I give one Alice A Tracy my House and lot 4 Block, G. Grider and Hamilton's Vernon park in City of Los Angeles Cal as per map Recorded in Book 4 Page 79–80 For services Rendered in my late illness Providing my Funeral expenses are Paid

"C. O. FRAZER

"Witness: J. M. FRAZER
 EDWIN F. FRAZER"

Shortly thereafter, on September 23, 1937, Edwin offered this will for probate, was appointed administrator with the will annexed, and has acted as such ever since. In fact,

he appears in that capacity upon this appeal. On May 17, 1939, said administrator petitioned the court for an order confirming sale of the real estate mentioned in the will of Charles, reciting ''That the main assets of said estate consist of the real property hereinafter described, and that there is not money sufficient to pay the expenses of administration, and that money is necessary for such purposes.'' The order confirming the sale was made on June 5, 1939. The selling price was $700, and various expenses arising from the sale and amounting to $77.75 brought a net return to the estate of $622.25. The amount distributed to respondent was $25.70 more than that, namely, $647.95. It appears from this that prior to the sale there was on hand for distribution, or should have been, $25.70, with all bills paid. In other words, the effect of the sale was to divest respondent of any possibility of securing possession of this real estate which had been willed to her, and to incur charges in connection with the sale amounting to $77.75. The court, in passing upon a claim for extraordinary services performed in connection with the sale, disallowed fees of $50 each to the administrator and his attorney. We note also that the trial judge found, ''that ever since the first day of May, 1938, the said administrator with the will annexed has represented to Alice A. Tracy that the estate needed from $100 to $300 in addition to assets of the estate other than the said real estate in order to pay the expenses of the estate and represented to this Court and to Alice A. Tracy that the estate could not be closed unless the said real estate specifically devised to Alice A. Tracy was sold and a part of the proceeds thereof applied to estate expenses; that the said administrator . . . has never accounted to Alice A. Tracy for the money and property received and spent; that relying upon the said representation Alice A. Tracy agreed to the sale of the said real estate and made no objection to the sale thereof in the Court herein; that the said representation was false and untrue in that the said estate had sufficient assets which when added to the rental from the said real estate was sufficient to pay all the proper debts and expenses of the estate; that as a result of said false representations and the said needless sale unnecessary items of expense were incurred and the said sale and the services of said attorney and the administrator of the will herein in connection with the said sale were a disservice to the said

estate and that the said extraordinary fees claimed therefor are not proper items of credit.''

This terse summary by the court presents a picture which is supported by the evidence. It disposes satisfactorily of all objections raised by the appellants, and explains why the order, instead of passing to respondent the real estate devised by the will, distributed cash to her.

As provided in section 300 of the Probate Code, title to the real estate involved in this case passed to respondent as specific devisee, and since the trial court found ''that Alice A. Tracy is not personally obligated to pay the funeral expenses of decedent as a condition of her right to receive the said property, but that she is entitled to receive it or such part of the proceeds thereof as remains after the administrator with the will annexed has paid the funeral expenses from other assets of the estate, . . . '' we feel that under the circumstances, appellants are in no way aggrieved by this decision which bars them from taking such proceeds as heirs at law of decedent to the total exclusion of testator's beneficiary.

 A purported appeal was taken in this cause from the order of the trial court denying appellants' motion for a new trial. There is no provision under our law for an appeal from such an order. It is not appealable under section 963, Code of Civil Procedure (''Cases in which appeals may be taken from superior court''), which provides in subdivision 3, that appeals may be taken ''From such probate orders and decrees as are made appealable by the provisions of the Probate Code.'' Section 1240 of the latter code lists the instances in which an appeal may be taken from an order of the probate court and an order denying a motion for new trial is not mentioned therein. By section 1233, Probate Code, the provisions of part II of the Code of Civil Procedure are applicable to all probate matters relating to new trials except as otherwise provided in the Probate Code. In considering the appeal which was taken in this case from the order settling final account and decreeing distribution we have felt at liberty under section 956 of the Code of Civil Procedure to review and sustain the order by which the motion for a new trial was denied, although in our opinion the trial court would have been justified in dismissing that motion as unauthorized by section 1231 of the Probate Code. On the question of an attempted appeal from an order denying a motion for a new trial, we refer to *Gray* v. *Cotton*, 174 Cal.

256 [162 Pac. 1019], where almost twenty-five years ago the court held such an appeal unauthorized. (See, also, cases cited in McKinney's New. Cal. Dig., Appeal and Error, sec. 74.)

The attempted appeal from the order denying motion for a new trial is dismissed. The order settling final account and decreeing distribution is affirmed.

York, P. J., and Doran, J., concurred.